J-S30037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWARD L. JONES | : | |
| Appellant | : | No. 2712 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002716-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWARD JONES | : | |
| Appellant | : | No. 2716 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002357-2020

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 24, 2024**

Edward L. Jones ("Jones") appeals from the judgment of sentence imposed after the trial court convicted him of one count each of rape of a child, involuntary deviate sexual intercourse with a child, and simple assault, and two counts each of unlawful contact with a minor, endangering the welfare of

children, corruption of minors, indecent assault, and indecent exposure.[1]  We affirm.

The charges arose from Jones's 2019 sexual assaults of his then-twelve- and fourteen-year-old daughters.[2]  *See* N.T., 2/11/22, at 20-23, 25-27, 39, 76, 79.  The trial court held a non-jury trial and convicted Jones of the above crimes.  Following completion of a pre-sentence investigation report (PSI), a mental health assessment, and a sex offender assessment, the trial court found Jones to be a sexually violent predator.  Despite this, and despite Jones's status as a repeat felon, the trial court sentenced Jones to a below-guidelines aggregate sentence of thirteen and one-half to twenty-seven years in prison, to be followed by five years of probation.  Jones filed a post-sentence motion challenging the sufficiency and weight of the evidence, as well as the

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 2701(a), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7) and (8), and 3127(a).

[2] The Commonwealth originally also charged Jones with sexually assaulting a friend of his older daughter.  N.T., 9/23/22, at 18-21.  The Commonwealth *nolle prossed* the charges after the child's mother refused to bring her to trial. *See id*.

discretionary aspects of sentence, which the trial court denied.[3] Jones timely

appealed.[4,5]

Jones presents a single question for our review:

Did the lower court abuse its discretion by imposing an unreasonable and manifestly excessive sentence that failed to adhere to the general sentencing principles outlined in 42 Pa. C.S.A. § 9721(b), in that the [c]ourt imposed a sentence that exceeded what was necessary to protect the public and the community, failed to consider Jones's background and character fully[,] and imposed a sentence that was well beyond what was necessary to foster the rehabilitative needs of Jones?

---

[3] The trial court denied Jones's motion for reconsideration via a single-sentence order. *See* Order, 10/20/22, at 1 (unnumbered).

[4] When Jones filed the notices of appeal, he listed both dockets on each notice. Separate notices of appeal are required when a single order resolves issues arising on more than one trial court docket. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018), *overruled in part*, *Commonwealth v. Young*, 265 A.3d 462, 477 (Pa. 2021) (reaffirming *Walker*, but holding Pa.R.A.P. 902 permits appellate court in its discretion, to allow correction of the error where appropriate); *see also* Pa.R.A.P. 902 (amended May 18, 2023). Nevertheless, in *Commonwealth v. Johnson*, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court held quashal is not necessary when an appellant files multiple notices of appeal listing more than one docket number so long as an appropriate number of notices of appeal were filed. *Id*. at 1148. Thus, under *Johnson*, Jones has substantially complied with the requirements of *Walker*. *See Johnson*, 236 A.3d at 1148. This Court *sua sponte* consolidated Jones's appeals.

[5] The trial court ordered Jones to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925. Jones requested and received an extension of time to file his Rule 1925(b) statement. Prior to the date the statement was due, the trial judge was appointed to the federal bench. Jones never filed the Rule 1925(b) statement, and the trial court never authored an opinion in this matter. In its brief, the Commonwealth states it will not argue Rule 1925 waiver under these circumstances. Commonwealth's Brief at 4 n. 1. Based on these unusual circumstances, we decline to find waiver.

Jones's Brief at 4.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

As noted above, Jones timely appealed. His brief includes a Pa.R.A.P. 2119(f) concise statement. *See* Jones's Brief at 8-10. Regarding a substantial question: Jones asserts his sentence is excessive because the trial court "unfairly focused on the need to protect [Jones's] biological daughters." *Id*. at 12. Jones acknowledges the trial court reviewed his "[PSI], mental health report, and sentencing guidelines[.]" *Id*. However, he contends "the record is silent as to how the [c]ourt used this information to help fashion its

- 4 -

sentence." *Id*. He last complains the record does not support "such a weighty sentence" and does not demonstrate the sentence "was necessary to protect the public and support the rehabilitative needs of [Jones]." *Id*. This presents a substantial question. *See Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (claim that sentence was harsh and excessive and trial court failed to consider mitigating factors raises substantial question); *Commonwealth v. Allen*, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("[A] claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question.").

However, while Jones filed a timely post-sentence motion for reconsideration of sentence, he vaguely asserted the following:

> 7. Further, [Jones] believes his sentence was an abuse of discretion by [the trial court].
>
> 8. Further, [Jones] believes his sentence was within the discretionary aspect of sentencing, so he files the instant motion to preserve his appellate rights.

Jones's Motion for Reconsideration, 10/4/22, at 2 (unnumbered).[6]

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion and may not raise it for the first time on

---

[6] We note Jones labeled his post-sentence motion as "*nunc pro tunc*," presumably because he filed it on the eleventh day after sentencing. The Commonwealth did not object to the late filing and the trial court appears to have denied the motion on the merits. *See* Order, 10/20/22, at 1 (unnumbered).

appeal. *See Commonwealth v. Bradley*, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (claim waived where not specifically raised in post-sentence motion); *see also* Pa.R.A.P. 302(a). Here, because Jones did not raise the specific challenges raised in the instant appeal in his post-sentence motion, he waived them, and is therefore due no relief.

However, even if Jones had preserved his issue, it warrants no relief on the merits. Our standard of review of a discretionary sentencing claim is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

Jones concedes the record demonstrates the trial court considered the PSI, the mental health evaluation, the sex offender evaluation, and the sentencing guidelines in imposing his sentence. *See* N.T., 9/23/22, at 23-27; Jones's Brief at 12. This is what the law requires. *See*, *e.g.*, *Commonwealth v. Banniger*, 303 A.3d 1085, 1098 (Pa. Super. 2023) (rejecting defendant's

challenge to discretionary aspects of sentence where record reflected the trial court considered the circumstances of the crime, the PSI, the arguments of counsel, and imposed a sentence within the guidelines); *Commonwealth v. Velez*, 273 A.3d 6, 10-12 (Pa. Super. 2022) (finding above-the-guidelines sentence was not excessive or unreasonable where the trial court considered the guideline ranges, the PSI, the mental health evaluations, the circumstances of the crime, and the testimony at the sentencing hearing). Jones's below-guidelines sentence was thus neither excessive nor unreasonable. *See*, *e.g.*, *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010); *Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's sentences were neither unreasonable nor excessive where "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing."). Accordingly, even if properly preserved, Jones's claims would not merit relief, because he has not shown his below-the-guidelines sentence was clearly unreasonable or excessive. *See* 42 Pa.C.S.A. § 9781(c)(3).[7]

---

[7] Although the trial court acknowledged RFEL was the applicable prior record score category, Jones ultimately received a term that was well under the RFEL guidelines range. *See* N.T., 9/23/22, at 11-12. If we granted a resentencing as Jones requests, he would run the risk of having his minimum sentence increased from thirteen and one-half years to twenty years because the record contains no facts which would have justified a downward departure sentence under RFEL. However, the Commonwealth has not asked us to correct the trial court's improper downward departure, and the sentence was not rendered illegal by that error such that we must remedy it *sua sponte*. *See*
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2024

---

***Commonwealth v. Krum***, 533 A.2d 134, 134 (Pa. Super. 1987) ("If a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived[.] This is not the law."); ***see also*** Pa.R.Crim.P. 721 (setting forth procedure for Commonwealth sentencing appeals and challenges to sentence).